UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00868-MEO-MTO

| | | |
|---|---|---|
| BRYAN ERVIN,<br><br>Plaintiff,<br><br>vs.<br><br>MECKLENBURG COUNTY DETENTION CENTER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <u>**MEMORANDUM OF DECISION AND ORDER**</u> |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint (Doc. No. 1) and Plaintiff's Motion to Proceed in Forma Pauperis (Doc. No. 2).

## I. BACKGROUND

Pro se Plaintiff Bryan Ervin filed this action pursuant to 42 U.S.C. § 1983 addressing various alleged incidents largely occurring in the Mecklenburg County Detention Center ("MCDC") in Charlotte, North Carolina, between November 28, 2024, and August 8, 2025.[1] (Doc. No. 1). Plaintiff names approximately twenty Defendants, including Charlotte Mecklenburg Police Department ("CMPD") officers, MCDC officials, the CMPD, the MCDC, and "Medical/Wellpath." (<u>Id.</u> at 2–3, 12–16).

Plaintiff appears to allege that he was kidnapped by virtue of his arrest outside of his apartment on November 28, 2024. (<u>Id.</u> at 5). Plaintiff also complains about being

[1] The Plaintiff is no longer incarcerated.

denied access to a phone, a property slip, commissary, and food at mostly unidentified times during his detention. He also complains about mail mishandling, inadequate legal and medical services, and lost wages. (Id. at 5, 16–19).

Plaintiff asserts numerous claims, many of which are unrecognized in a civil proceeding and/or under § 1983. (See id. at 3). For injuries, Plaintiff alleges experiencing mental and physical distress, pain and suffering, and the denial of medical care. (Id. at 5). He seeks monetary relief only. (Id.).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. (Doc. No. 2). Plaintiff's affidavit shows that he has had no income for the past twelve months and that he does not expect to receive any income next month. (Id. at 1–2). Plaintiff reports having no money in any bank account. (Id. at 2). And Plaintiff reports having no monthly expenses. (Id. at 4–5). Plaintiff states that he cannot pay for the cost of these proceedings because he was released from jail in July 2026 and is unable to find work due to his felon status. (Id. at 5). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis for the limited purpose of this initial review.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28

U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16-cv-925, 2017 WL 2691824, at *2 (E.D.

Cal. June 22, 2017). A plaintiff may only bring an action against multiple defendants when (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

Here, the Plaintiff asserts numerous claims against twenty Defendants for a variety of incidents that allegedly occurred over the course of over eight months at the MCDC and incident to his preceding arrest. Many of these claims appear to be factually distinct and do not involve overlapping Defendants. The Court cannot and will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. See generally Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants). At this stage, the Court similarly declines to parse through the Plaintiff's scattershot allegations and address other deficiencies in his Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review pursuant to § 1915(e)(2)(B). The Court will dismiss the Complaint without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment

will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. § 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.[2] If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED without prejudice**.

**SO ORDERED**.

Signed: November 12, 2026

Matthew E. Orso
United States District Judge

---

[2] Blank complaint forms are available on the Court's website. https://www.ncwd.uscourts.gov/local-forms/prose-forms.